UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| WILLIAM D. PERKINS, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES B. CRAWFORD, ROBERT H. FOGLESONG, RICHARD M. GABRYS, ROBERT B. HOLLAND, BOBBY R. INMAN, DAN R. MOORE, BAXTER F. PHILLIPS, JR., STANLEY C. SUBOLESKI, LINDA J. WELTY, MASSEY ENERGY COMPANY, and ALPHA NATURAL RESOURCES, INC.,<br><br>　　　　　　Defendants. | Case No. 3:11-cv-00082-REP<br><br>DECLARATION OF FRANK J. JOHNSON IN SUPPORT OF MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO STAY |

I, Frank J. Johnson, declare as follows:

1. I am a partner at Johnson Bottini, LLP, counsel for Plaintiff Benjamin Mostaed ("Plaintiff") in this action. I have personal knowledge of the facts stated below. If called upon to do so, I could and would competently testify thereto.

2. I submit this declaration in support of Plaintiffs' Opposition to Defendants' Motion for a Stay.

3. The cases pending in the Delaware Court of Chancery were filed nearly one year ago as shareholder derivative actions brought on behalf of Massey Energy Company ("Massey" or the "Company") and assert claims against the officers and directors of Massey arising out of their alleged failure to oversee the Company's compliance with safety regulations which led to an explosion at Massey's Upper Big Branch mine on April 5, 2010 (the "Delaware Derivative Action").

4. On January 29, 2011, Massey announced a proposed merger with Alpha Natural Resources, Inc. ("Alpha") pursuant to which Alpha would acquire Massey for an implied enterprise value of $8.5 billion (the "Proposed Merger"). Immediately after the announcement of the Proposed Merger, my co-counsel was contacted by Plaintiff, who was at the time and continues to be a holder of Massey common stock. He alerted me to the Proposed Merger and asked my firm to investigate whether it appeared to be substantively and procedurally fair.

5. At that time, I was aware of the Delaware Derivative Action relating to the mine explosion. I understood that the Delaware Derivative Action did not assert any claims relating to the Proposed Merger.

6. Upon my firm's diligent investigation, I determined that the Proposed Merger appeared to be both substantively and procedurally unfair to Massey shareholders, and drafted a shareholder class action complaint against the current directors of Massey for breaches of fiduciary duties and against Massey and Alpha for aiding and abetting breaches of fiduciary duties. Although Massey is a Delaware corporation, its headquarters and principal place of

business are in Richmond, Virginia. Moreover, at least three of the individual defendants are residents of Virginia, whereas none of the defendants is a resident of Delaware. For purposes of discovery and trial, it appears that most if not all of the documents and witnesses are located in Virginia, not Delaware. Thus, I caused this Federal Class Action to be filed in this Court.

7. Immediately upon filing the complaint, I contacted defense counsel regarding coordination of responsive pleadings, service of process on the defendants, and related matters in an effort to achieve efficiency. In addition, I requested that defendants informally agree to produce certain categories of documents that are traditionally produced in cases such as this one, including Board meeting minutes, documents evidencing the formation of special committees formed for the purposes of evaluating the Proposed Merger, materials concerning the Company's actual or potential financial advisors relating to the Proposed Merger (the "bankers' books"), any documents containing the Company's historical and projected operations and financial performance and a valuation of the Company's assets, and all communications regarding any potential acquisitions of or business combinations with Massey.

8. Initially, defendants said they would not produce the documents. Thus, I prepared a motion for expedited discovery and, prior to filing the same, I reached out to defense counsel one last time to advise that I was poised to file the motion if they would not produce the requested documents. Defense counsel advised me that plaintiffs in the Delaware Derivative Action sought similar categories of documents and, to dissuade from filing a motion for expedited discovery, agreed to produce a copy of all such documents. *See* Emails Between Frank J. Johnson, Esq. and Stuart Gold, Esq. (**Exhibit A**). Although the underlying issues in this action are different from the main focus of the derivative claims asserted in the Delaware Derivative Action, I provisionally agreed to accept copies of all such documents and hold off on filing the motion for expedited discovery.

9. In a further effort to serve efficiencies, I contacted and spoke with plaintiffs' counsel in the Delaware Derivative Action to discuss the extent to which the two proceedings overlapped. This discussion, coupled with my review of the pleadings filed in support of

Defendants' motion to stay and the pleadings in the Delaware Derivative Action, confirms that while the Delaware Derivative Action recently added class claims relating to the Proposed Merger, the Delaware Derivative Action is still based in large part upon alleged breach of fiduciary duty claims against officers and directors of Massey relating to the mine explosion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 22nd day of March, 2011, at San Diego, California.

_____
FRANK J. JOHNSON

# Exhibit A

Exhibit A

# Shelby Ramsey

| | |
|---|---|
| **From:** | Stuart Gold [SGold@cravath.com] |
| **Sent:** | Wednesday, March 09, 2011 2:40 PM |
| **To:** | Frank J. Johnson |
| **Cc:** | Douglas G. Thompson, Jr.; Frank A. Bottini; kmarcus@finkelsteinthompson.com; mlowenthal@cgsh.com; Shawn Fields; Shelby Ramsey; Sean Thompson; Alan.Wingfield@troutmansanders.com; tim.stgeorge@troutmansanders.com |
| **Subject:** | Re: Mostaed v. Crawford, et al., Case No. 3:11-CV-079-REP |

Frank--

As I said in my voice mail., subject to my client's approval we are prepared to provide to you a set of the documents Alpha, Massey and the outside directors produce to the Delaware plaintiffs on the class claims. With respect to depositions, none have been noticed or scheduled at this time and so discussion on those should await further developments. I will call you in the morning hopefully with a sign off on this.


Stuart W. Gold
Cravath, Swaine & Moore LLP
825 8th Avenue, Worldwide Plaza
New York, NY 10019
(Tel) 212-474-1394
(Fax) 212-474-3700


From: "Frank J. Johnson" <frankj@johnsonbottini.com>
To: <sthompson@cravath.com>, <sgold@cravath.com>
Cc: <kmarcus@finkelsteinthompson.com>, "Douglas G. Thompson, Jr." <DThompson@finkelsteinthompson.com>, "Shelby Ramsey" <shelbyr@johnsonbottini.com>, "Shawn Fields" <ShawnF@johnsonbottini.com>, "Frank Bottini" <frankb@johnsonbottini.com>, <mlowenthal@cgsh.com>
Date: 03/04/2011 04:52 PM
Subject: Mostaed v. Crawford, et al., Case No. 3:11-CV-079-REP


Stuart & Sean~

Following on our conversation today, below are the categories of documents and depositions I am requesting that you agree to informally. Shortly after filing the complaint last month, I asked Sean whether your clients would be willing to produce the bankers' books informally. He said your clients would not agree to do so. Thank you for agreeing to check with your clients again prior to our filing a motion for expedited discovery. Please let me know by Tuesday, 3/8 whether you clients will produce some or all of the documents we seek. I will also reach out to plaintiffs' counsel in Delaware to try to coordinate our efforts. By copy of this email to Mitch Lowenthal, I make the same request that you see if your client Alpha will agree to produce some or all of these documents to the extent they are in your client's possession, custody or control and agree to depositions.

## Categories of Documents

1. The meeting minutes, with attachments and materials reviewed at the meetings, of the Company's Board of Directors and all committees thereof, insofar as the materials relate to the Proposed Acquisition. These documents should include, without limitation, employment agreements, stockholder agreements, voting agreements, shareholder rights plans, stock options, and/or strategic alternatives, including any handwritten notes taken at those meetings;

2. All materials in any form, whether written, electronic, or otherwise, concerning the formation of any special committees or subcommittees formed for purposes of evaluating the Proposed Acquisition, including how the potential members of these committees or subcommittees were evaluated by the Board in forming the special committees or subcommittees, and the relevant expertise of all potential and actual members to these committees and subcommittees;

1

3.  All materials in any form, whether written, electronic, or otherwise, concerning the Company's actual or potential financial advisors relating to the Proposed Acquisition or any other possible acquisition of Massey, including internal evaluation of documents of actual or potential financial advisors, and all documents given to or received from all actual or potential financial advisors, including, but not limited to, projections of the Company's future financial performance, and negotiation and payment of the advisors' fees;

4.  From January 1, 2008 to the present, all executive and/or director packages or any other document containing the Company's historical and projected operations and financial performance and valuation of the Company's assets; and

5.  From January 1, 2008, all communications among defendants, the Company's financial advisors, Alpha, and/or any other entity expressing interest in acquiring Massey, and all communications to or from defendants concerning any potential acquisition of or business combination with Alpha or any other entity, any voting agreements and drafts thereof, and/or any employment agreements.

**Depositions**

1.  The person most knowledgeable from Alpha regarding the Proposed Acquisition;

2.  The person most knowledgeable from Massey's financial advisor regarding the Proposed Acquisition;

3.  Defendant Baxter F. Phillips, Jr., of Massey; and

4.  Defendant Dan R. Moore of Massey.


Thank you,
Frank


Frank J. Johnson
Partner
Johnson Bottini, LLP
501 W. Broadway, Suite 1720
San Diego, California 92101
Tel: 619.230.0063
Fax: 619.238.0622
www.johnsonbottini.com

This message is from a law firm and may contain confidential and privileged information. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail and delete the message.
[attachment "image001.jpg" deleted by Stuart Gold/NYC/Cravath]
This e-mail is confidential and may be privileged. Use or disclosure of it by anyone
other than a designated addressee is unauthorized. If you are not an intended recipient,
please delete this e-mail from the computer on which you received it.

# Shelby Ramsey

**From:** Stuart Gold [SGold@cravath.com]
**Sent:** Thursday, March 10, 2011 2:24 PM
**To:** Frank J. Johnson
**Cc:** Douglas G. Thompson, Jr.; Frank A. Bottini; kmarcus@finkelsteinthompson.com; mlowenthal@cgsh.com; Shawn Fields; Shelby Ramsey; Sean Thompson; Julie North; Hector Valdes
**Subject:** Re: Mostaed v. Crawford, et al., Case No. 3:11-CV-079-REP
**Attachments:** image001.jpg

Frank--

As we just discussed I have agreed on behalf of Cravath's clients and Alpha that we will provide to you documents that our clients produce to the Delaware plaintiffs on the class claim. This is without prejudice to any motions or applications we may make, or positions we may take, in these cases before Judge Payne.

I will also send to you the document requests, transcript of the hearing and Vice Chancellor Strine's recent order. I will also provide a copy of our document demand responses in Delaware when they are served.


Stuart W. Gold
Cravath, Swaine & Moore LLP
825 8th Avenue, Worldwide Plaza
New York, NY 10019
(Tel) 212-474-1394
(Fax) 212-474-3700


From: "Frank J. Johnson" <frankj@johnsonbottini.com>
To: <sthompson@cravath.com>, <sgold@cravath.com>
Cc: <kmarcus@finkelsteinthompson.com>, "Douglas G. Thompson, Jr." <DThompson@finkelsteinthompson.com>, "Shelby Ramsey" <shelbyr@johnsonbottini.com>, "Shawn Fields" <ShawnF@johnsonbottini.com>, "Frank Bottini" <frankb@johnsonbottini.com>, <mlowenthal@cgsh.com>
Date: 03/04/2011 04:52 PM
Subject: Mostaed v. Crawford, et al., Case No. 3:11-CV-079-REP

---

Stuart & Sean~

Following on our conversation today, below are the categories of documents and depositions I am requesting that you agree to informally. Shortly after filing the complaint last month, I asked Sean whether your clients would be willing to produce the bankers' books informally. He said your clients would not agree to do so. Thank you for agreeing to check with your clients again prior to our filing a motion for expedited discovery. Please let me know by Tuesday, 3/8 whether you clients will produce some or all of the documents we seek. I will also reach out to plaintiffs' counsel in Delaware to try to coordinate our efforts. By copy of this email to Mitch Lowenthal, I make the same request that you see if your client Alpha will agree to produce some or all of these documents to the extent they are in your client's possession, custody or control and agree to depositions.

### Categories of Documents

1. The meeting minutes, with attachments and materials reviewed at the meetings, of the Company's Board of Directors and all committees thereof, insofar as the materials relate to the Proposed Acquisition. These documents should include, without limitation, employment agreements, stockholder agreements, voting agreements, shareholder rights plans, stock options, and/or strategic alternatives, including any handwritten notes taken at those meetings;

2. All materials in any form, whether written, electronic, or otherwise, concerning the formation of any special committees or

1

subcommittees formed for purposes of evaluating the Proposed Acquisition, including how the potential members of these committees or subcommittees were evaluated by the Board in forming the special committees or subcommittees, and the relevant expertise of all potential and actual members to these committees and subcommittees;

3. All materials in any form, whether written, electronic, or otherwise, concerning the Company's actual or potential financial advisors relating to the Proposed Acquisition or any other possible acquisition of Massey, including internal evaluation of documents of actual or potential financial advisors, and all documents given to or received from all actual or potential financial advisors, including, but not limited to, projections of the Company's future financial performance, and negotiation and payment of the advisors' fees;

4. From January 1, 2008 to the present, all executive and/or director packages or any other document containing the Company's historical and projected operations and financial performance and valuation of the Company's assets; and

5. From January 1, 2008, all communications among defendants, the Company's financial advisors, Alpha, and/or any other entity expressing interest in acquiring Massey, and all communications to or from defendants concerning any potential acquisition of or business combination with Alpha or any other entity, any voting agreements and drafts thereof, and/or any employment agreements.

**Depositions**

1. The person most knowledgeable from Alpha regarding the Proposed Acquisition;

2. The person most knowledgeable from Massey's financial advisor regarding the Proposed Acquisition;

3. Defendant Baxter F. Phillips, Jr., of Massey; and

4. Defendant Dan R. Moore of Massey.


Thank you,
Frank


Frank J. Johnson
Partner
Johnson Bottini, LLP
501 W. Broadway, Suite 1720
San Diego, California 92101
Tel: 619.230.0063
Fax: 619.238.0622
www.johnsonbottini.com

This message is from a law firm and may contain confidential and privileged information. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail and delete the message.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone
other than a designated addressee is unauthorized. If you are not an intended recipient,
please delete this e-mail from the computer on which you received it.