IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

---------------------------------------------------------------------- X
William D. Perkins, on behalf of himself and all others
similarly situated,

    Plaintiffs,

 vs.

James B. Crawford, Robert H. Foglesong, Richard M.
Gabrys, Robert B. Holland, Bobby R. Inman, Dan R.
Moore, Baxter F. Phillips, Jr., Stanley C. Suboleski, Linda
J. Welty, Massey Energy Company, and Alpha Natural
Resources, Inc.,

    Defendants.
---------------------------------------------------------------------- X

No. 3:11-CV-082-REP

# DEFENDANT ALPHA NATURAL RESOURCES, INC.'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

  Defendant Alpha Natural Resources ("Alpha"), by and through its undersigned attorneys, hereby Answers the Class Action Complaint (the "Complaint") as follows:

  1. Paragraph 1 purports to assert legal conclusions to which no response is required, and which Alpha denies on that basis. Alpha otherwise denies the allegations set forth in paragraph 1, except respectfully refers to the Agreement and Plan of Merger dated as of January 28, 2011, among Mountain Merger Sub, Inc., Alpha Natural Resources, Inc. and Massey Energy Company (the "Merger Agreement") for the true and complete contents thereof.

  2. Alpha denies the allegations set forth in paragraph 2, except respectfully refers to the Merger Agreement for the true and complete contents thereof, and to the publicly reported trading prices of Massey stock for the truth thereof.

3. Paragraph 3 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 3 to which a response is required, they are denied.

4. Paragraph 4 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 4 to which a response is required, they are denied, except Alpha respectfully refers to the Merger Agreement for the true and complete contents thereof.

5. Paragraph 5 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 5 to which a response is required, they are denied, except Alpha respectfully refers to the Merger Agreement for the true and complete contents thereof.

6. Paragraph 6 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 6 to which a response is required, they are denied, except Alpha respectfully refers to the Merger Agreement for the true and complete contents thereof.

7. Paragraph 7 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 7 to which a response is required, they are denied, except Alpha respectfully refers to the Merger Agreement for the true and complete contents thereof.

8. Paragraph 8 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 8 to which a response is required, they are denied.

9. Paragraph 9 purports to state legal conclusions to which no response is required.

10. Paragraph 10 purports to state legal conclusions to which no response is required.

11. Paragraph 11 purports to state legal conclusions to which no response is required.

12. Alpha lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12.

13. On information and belief, Alpha admits the allegations set forth in paragraph 13.

14. Admitted.

15. On information and belief, Alpha admits that Baxter F. Phillips, Jr. has served as a Massey director since May 22, 2007 and as CEO since December 2010, and that he is the current President of Massey. Alpha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.

16. On information and belief, Alpha admits that Bobby R. Inman has served as a Massey director since 1985 and as Chairman of the Massey Board of Directors since December 2010. Alpha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16.

17. On information and belief, Alpha admits that James B. Crawford has served as a Massey director since February 7, 2005. Alpha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17.

18. On information and belief, Alpha admits that Robert H. Foglesong has served as a Massey director since February 21, 2006. Alpha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18.

19. On information and belief, Alpha admits that Richard M. Gabrys has served as a Massey director since May 22, 2007. Alpha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19.

20. On information and belief, Alpha admits that Robert B. Holland has served as a Massey director since August 16, 2010. Alpha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20.

21. On information and belief, Alpha admits that Dan R. Moore has served as a Massey director since January 22, 2002. Alpha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21.

22. On information and belief, Alpha admits that Stanley C. Suboleski has served as a Massey director since May 13, 2008. Alpha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22.

23. On information and belief, Alpha admits that Linda J. Welty has served as a Massey director since August 16, 2010. Alpha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23.

24. Paragraph 24 does not contain allegations and, for that reason, no response is required.

25. Paragraph 25 purports to state legal conclusions to which no response is required.

26. Paragraph 26 purports to state legal conclusions to which no response is required.

27. Paragraph 27 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 27 to which a response is required, they are denied.

28. Paragraph 28 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 28 to which a response is required, they are denied.

29. On information and belief, Alpha admits that Massey is the fourth largest coal producer in the United States, with extensive coal mining operations in West Virginia, Kentucky, and Virginia, and that Massey is the largest coal producer in Central Appalachia. Alpha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29.

30. Alpha lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30, except Alpha respectfully refers to the referenced statement for the true and complete contents thereof.

31. Alpha lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31, except Alpha respectfully refers to the referenced statement for the true and complete contents thereof, and to the publicly reported trading prices of Massey stock for the truth thereof.

32. Alpha lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31, except Alpha respectfully refers to the publicly reported trading prices of Massey stock for the truth thereof.

33. Alpha denies the allegations set forth in paragraph 33, except admits that Alpha and Massey issued a press release entitled "Alpha Natural Resources and Massey Energy Agree to $8.5 Billion Combination" on January 29, 2011, and respectfully refers to that press release for the true and complete contents thereof.

34. On information and belief, Alpha admits the allegations set forth in paragraph 34.

35. The allegations in paragraph 35 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Alpha otherwise denies the allegations of paragraph 35, except respectfully refers to the Merger Agreement for the true and complete contents thereof.

36. Alpha denies the allegations set forth in paragraph 36, except respectfully refers to the Merger Agreement for the true and complete contents thereof.

37. Alpha denies the allegations set forth in paragraph 37, except respectfully refers to the Merger Agreement for the true and complete contents thereof.

38. Alpha denies the allegations set forth in paragraph 38, except respectfully refers to the Merger Agreement for the true and complete contents thereof.

39. Alpha denies the allegations set forth in paragraph 39, except respectfully refers to the Merger Agreement for the true and complete contents thereof.

40. Alpha denies the allegations set forth in paragraph 40, except respectfully refers to the Merger Agreement and Massey's Form 10-Q, filed on November 8, 2010, for the true and complete contents thereof.

41. Paragraph 41 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 41 to which a

response is required, they are denied, except Alpha respectfully refers to the Merger Agreement for the true and complete contents thereof.

42. Alpha denies the allegations set forth in paragraph 42, except respectfully refers to the publicly reported trading prices of Massey stock for the truth thereof.

43. Alpha lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 43, except Alpha respectfully refers to the publicly reported trading prices of Massey stock for the truth thereof.

44. Alpha denies the allegations set forth in paragraph 44, except respectfully refers to the publicly reported trading prices of Alpha and Massey stock for the truth thereof.

45. The allegations in paragraph 45 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Further, paragraph 45 purports to assert legal conclusions to which no response is required. To the extent paragraph 45 contains any substantive allegations against Alpha, they are denied.

46. The allegations in paragraph 46 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Further, paragraph 46 purports to assert legal conclusions to which no response is required. To the extent paragraph 46 contains any substantive allegations against Alpha, they are denied.

47. Paragraph 47 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 47 to which a response is required, they are denied.

48. The allegations in paragraph 48 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Further, paragraph 48 purports to assert legal conclusions to which no response is required. To the extent paragraph 48 contains any substantive allegations against Alpha, they are denied.

49. Paragraph 49 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 49 to which a response is required, they are denied.

50. Paragraph 50 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 50 to which a response is required, they are denied.

51. Paragraph 51 purports to state legal conclusions to which no response is required.

52. Paragraph 52 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 52 to which a response is required, they are denied, except Alpha respectfully refers to Massey's Form 10-Q, filed on November 8, 2010, for the true and complete contents thereof.

53. Paragraph 53 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 53 to which a response is required, Alpha lacks sufficient knowledge or information to form a belief as to the truth of those allegations.

54. Paragraph 54 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 54 to which a

response is required, Alpha lacks sufficient knowledge or information to form a belief as to the truth of those allegations.

55. Paragraph 55 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 55 to which a response is required, Alpha lacks sufficient knowledge or information to form a belief as to the truth of those allegations.

56. Admitted.

57. Paragraph 57 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 55 to which a response is required, Alpha lacks sufficient knowledge or information to form a belief as to the truth of those allegations.

58. Paragraph 58 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 58 to which a response is required, Alpha lacks sufficient knowledge or information to form a belief as to the truth of those allegations.

59. Alpha repeats each and every response to the prior paragraphs as if fully set forth in full herein.

60. The allegations in paragraph 60 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Further, paragraph 60 purports to assert legal conclusions to which no response is required. To the extent paragraph 60 contains any substantive allegations against Alpha, they are denied.

61. Paragraph 61 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 61 to which a response is required, they are denied.

62. The allegations in paragraph 62 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Further, paragraph 62 purports to assert legal conclusions to which no response is required. To the extent paragraph 62 contains any substantive allegations against Alpha, they are denied.

63. The allegations in paragraph 63 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Further, paragraph 63 purports to assert legal conclusions to which no response is required. To the extent paragraph 63 contains any substantive allegations against Alpha, they are denied.

64. The allegations in paragraph 64 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Further, paragraph 64 purports to assert legal conclusions to which no response is required. To the extent paragraph 64 contains any substantive allegations against Alpha, they are denied.

65. The allegations in paragraph 65 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Further, paragraph 65 purports to assert legal conclusions to which no response is required. To the extent paragraph 65 contains any substantive allegations against Alpha, they are denied.

66. The allegations in paragraph 66 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Further, paragraph 66 purports to assert legal conclusions to which no response is required. To the extent paragraph 66 contains any substantive allegations against Alpha, they are denied.

67. The allegations in paragraph 67 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Further, paragraph 67 purports to assert legal conclusions to which no response is required. To the extent paragraph 67 contains any substantive allegations against Alpha, they are denied.

68. The allegations in paragraph 68 refer to the conduct of persons or parties other than Alpha, and Alpha lacks knowledge or information sufficient to form a belief as to the truth of those allegations. Further, paragraph 68 purports to assert legal conclusions to which no response is required. To the extent paragraph 68 contains any substantive allegations against Alpha, they are denied.

69. Paragraph 69 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 69 to which a response is required, they are denied.

70. Alpha repeats each and every response to the prior paragraphs as if fully set forth in full herein.

71. Paragraph 71 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 71 to which a response is required, they are denied.

72. Paragraph 72 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 72 to which a response is required, they are denied.

73. Paragraph 73 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 73 to which a response is required, they are denied.

74. Paragraph 74 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 74 to which a response is required, they are denied.

75. Paragraph 75 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 75 to which a response is required, they are denied.

76. Paragraph 76 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 76 to which a response is required, they are denied.

77. Paragraph 77 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 77 to which a response is required, they are denied.

78. Paragraph 78 purports to state legal conclusions to which no response is required. To the extent there are substantive allegations contained in paragraph 78 to which a response is required, they are denied.

## DEFENSES

The statement of any defense herein does not assume the burden of proof for any issue as to which the applicable law places the burden on plaintiffs.

1. The Complaint and each purported claim for relief fails to state a claim upon which relief can be granted.

2. Alpha specifically denies that plaintiffs are entitled to the relief requested or to any relief as to the Counts set forth in the Complaint.

3. Plaintiffs have suffered no damages proximately caused by Alpha's conduct.

4. This action should be stayed for the reasons set forth in the Memorandum of Law in Support of Defendants' Motion for a Stay, dated March 11, 2011, and the Reply in Support of Defendants' Motion, dated March 28, 2011.

Alpha reserves the right to amend this Answer and to assert additional defenses or to supplement, alter, or change this Answer.

WHEREFORE, Alpha requests entry of judgment in its favor and against plaintiffs, dismissing the Complaint with prejudice, awarding its fees, costs, and expenses, including attorneys' fees, incurred in defense of this action and granting such other relief as this Court may deem just and proper.

Respectfully submitted,

ALPHA NATURAL RESOURCES, INC.

By: /s/ Robert M. Rolfe
Robert M. Rolfe, Counsel

Robert M. Rolfe (VSB No. 15779)
Erin L. Barrett (VSB No. 74928)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
(804) 788-8466
rrolfe@hunton.com

Mitchell A. Lowenthal
Boaz S. Morag
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000

Michael R. Lazerwitz
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 974-1500

*Attorneys for Defendant Alpha Natural Resources, Inc.*

# CERTIFICATE OF SERVICE

I certify on this 11th day of April, 2011, I will file a copy of the Defendant Alpha Natural Resources, Inc.'s Answer to Plaintiffs' Class Action Complaint with the Court's ECF filing system, which will send a copy of this instrument to the following attorney(s):

Elizabeth K. Tripodi, Esq.
Finklestein Thompson LLP
1050 30th Street, NW
Washington, DC 20007

Hamilton Lindley, Esq.
Goldfarb Branham LLP
2501 N. Harwood Street
Suite 1801
Dallas, TX 75201

Alan D. Wingfield, Esq.
Timothy J. St. George, Esq.
Troutman Sanders LLP
1001 Haxall Point
P.O. Box. 1122
Richmond, VA 23218-1122

Stuart W. Gold, Esq.
Julie A. North, Esq.
Cravath, Swaine & Moore LLP
825 Eighth Avenue
Worldwide Plaza
New York, NY 10019-7475

Stephen E. Baril, Esq.
Sands Anderson PC
1111 E. Main Street, Suite 2300
Richmond, VA 23219-2906

/s/ Robert M. Rolfe_____

Robert M. Rolfe, Counsel