**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **WILLIAM D. PERKINS** on behalf of himself and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   Civil Action No. 3:11-CV-082-REP<br>) |
| **JAMES B. CRAWFORD, ROBERT H. FOGLESONG, RICHARD M. GABRYS, ROBERT B. HOLLAND, BOBBY R. INMAN, DAN R. MOORE, BAXTER F. PHILLIPS, JR., STANLEY C. SUBOLESKI, LINDA J. WELTY, MASSEY ENERGY COMPANY,** and **ALPHA NATURAL RESOURCES, INC.,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ANSWER TO COMPLAINT

Defendants, James B. Crawford, Robert H. Foglesong, Richard M. Gabrys, Robert B. Holland, Bobby R. Inman, Dan R. Moore, Stanley C. Suboleski, Linda J. Welty, Baxter F. Phillips (collectively, the "Director Defendants") and Massey Energy Company ("Massey," and, together with the Director Defendants, the "Defendants"), by counsel, for their Answer to the Complaint for Breach of Fiduciary Duty (the "Complaint") state as follows.

1. Plaintiff's introductory opinions and commentary are not subject to a denial or admission. To the extent that an answer is required, Defendants deny, generally and specifically, each and every allegation contained in paragraph 1 of the Complaint.

2. Defendants admit that upon the consummation of the proposed merger of Alpha Natural Resources, Inc. ("Alpha") and Massey (the "Proposed Merger") each Massey

stockholder will receive $10 cash and 1.025 shares of Alpha common stock in exchange for each share of Massey common stock. Defendants deny the remaining allegations of paragraph 2 of the Complaint.

3. Defendants admit that Massey and Alpha are named as Defendants in this action. Defendants deny the remaining allegations of paragraph 3 of the Complaint.

4. Defendants deny the allegations of paragraph 4 of the Complaint.

5. Defendants admit that the Agreement and Plan of Merger ("Merger Agreement") includes a "no solicitation" provision and a $251 million termination fee and refer to the Merger Agreement for the contents of those provisions. Defendants deny the remaining allegations of paragraph 5 of the Complaint.

6. Defendants admit that the Director Defendants oversee the business and corporate affairs of Massey and are in possession of private corporate information concerning Massey's assets, business, and future prospects. Defendants deny the remaining allegations of paragraph 6 of the Complaint.

7. Defendants deny the allegations of paragraph 7 of the Complaint.

8. Defendants state that the allegations of paragraph 8 purport to describe the relief requested by Plaintiff and therefore do not require a response. To the extent a response is required, Defendants deny the allegations of paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint states a legal conclusion to which no response is required.

10. Paragraph 10 of the Complaint states a legal conclusion to which no response is required.

11. Paragraph 11 of the Complaint states a legal conclusion to which no response is required.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and therefore deny the same.

13. Defendants admit the allegations of paragraph 13 of the Complaint.

14. Defendants admit the allegations of paragraph 14 of the Complaint.

15. Defendants admit the allegations of paragraph 15 of the Complaint.

16. Defendants admit the allegations of paragraph 16 of the Complaint.

17. Defendants admit the allegations of paragraph 17 of the Complaint.

18. Defendants admit the allegations of paragraph 18 of the Complaint.

19. Defendants admit the allegations of paragraph 19 of the Complaint.

20. Defendants admit the allegations of paragraph 20 of the Complaint, with the exception that Defendants state that because of Defendant Holland's service on a Board committee empowered, charged and directed to investigate, review, evaluate and analyze the facts, circumstances and allegations that are the subject of certain stockholder derivative actions and a stockholder demand, he has not acted as a member of the Safety and Environmental Committee.

21. Defendants admit the allegations of paragraph 21 of the Complaint.

22. Defendants admit the allegations of paragraph 22 of the Complaint.

23. Defendants admit the allegations of paragraph 23 of the Complaint.

24. Defendants state that paragraph 24 is a statement of reference that does not require a response. To the extent a response is required, Defendants deny the allegations of paragraph 24 of the Complaint.

25. Defendants state that the allegations of paragraph 25 state legal conclusions and therefore do not require a response. To the extent a response is required, Defendants deny the

allegations of paragraph 25 of the Complaint to the extent that they mischaracterize applicable law.

26. Defendants state that the allegations of paragraph 26 state legal conclusions and therefore do not require a response. To the extent a response is required, Defendants deny the allegations of paragraph 26 of the Complaint to the extent that they mischaracterize applicable law.

27. Defendants deny the allegations of paragraph 27 of the Complaint.

28. Defendants state that the allegations of paragraph 28 state legal conclusions and therefore do not require a response. To the extent a response is required, Defendants deny the allegations of paragraph 28 of the Complaint.

29. Defendants admit the allegations of the first two sentences of paragraph 29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 of the Complaint and therefore deny same.

30. Defendants admit that on May 2, 2007, Elliott Gue of the The Energy Strategist investment service posted a blog on the Investing Daily website titled "King Coal." Defendants state that that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30 of the Complaint and therefore deny same.

31. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint and therefore deny same.

32. Defendants admit that on January 12, 2011, Massey's stock closed at $58.04 per share. Defendants deny the remaining allegations of paragraph 32 of the Complaint.

33. Defendants admit that on January 29, 2011, Massey and Alpha issued a joint press release entitled "Alpha Natural Resources and Massey Energy Agree to $8.5 Billion

Combination." The allegations of paragraph 33 of the Complaint are denied to the extent that they vary from the text of the document itself.

34. Defendants admit the allegations of paragraph 34 of the Complaint.

35. Defendants admit that the Merger Agreement includes a "no solicitation" provision and a $251 million termination fee and refer to the Merger Agreement for the contents of those provisions. Defendants deny the remaining allegations of paragraph 35 of the Complaint.

36. Defendants admit that Section 4.02 of the Merger Agreement includes a "no solicitation" provision and refer to the Merger Agreement for the content of that provision. Defendants deny the remaining allegations of paragraph 36 of the Complaint.

37. Defendants admit that Section 5.06 of the Merger Agreement provides a $251 million termination fee and refer to the Merger Agreement for the content of that provision. Defendants deny the remaining allegations of paragraph 37 of the Complaint.

38. Defendants admit that the Merger Agreement includes a "no solicitation" provision and a $251 million termination fee and refer to the Merger Agreement for the contents of those provisions. Defendants deny the remaining allegations of paragraph 38 of the Complaint.

39. Defendants admit that the Merger Agreement includes a $251 million termination fee and refer to the Merger Agreement for the content of that provision. Defendants deny the remaining allegations of paragraph 39 of the Complaint.

40. Defendants admit that the Merger Agreement contains an indemnification clause and that Massey filed a Form 10-Q on November 8, 2010. Defendants refer to the Merger Agreement and the Form 10-Q for their contents. Defendants deny the remaining allegations of paragraph 40 of the Complaint.

41. Defendants admit that Massey will become a wholly owned subsidiary of Alpha upon the consummation of the Proposed Merger. Defendants deny the remaining allegations of paragraph 41 of the Complaint.

42. Defendants deny the allegations of paragraph 42 of the Complaint.

43. Defendants admit that Massey's stock closed at $58.04 on January 12, 2011, and that Alpha has offered a combined value of $69.33 per share of Massey common stock. Defendants deny the remaining allegations of paragraph 43 of the Complaint.

44. Defendants admit that Massey's stockholders will receive Alpha stock in exchange for their Massey stock. Defendants state that that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second and third sentences of paragraph 44 and therefore deny the same. Defendants deny the remaining allegations of paragraph 44 of the Complaint.

45. Defendants state that paragraph 45 states a legal conclusion and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 45 of the Complaint to the extent that they mischaracterize applicable law.

46. The Director Defendants admit that they possess non-public information concerning the financial condition and prospects of Massey. Defendants deny the remaining allegations of paragraph 46 of the Complaint.

47. Defendants deny the allegations of paragraph 47 of the Complaint.

48. Defendants state that paragraph 48 states legal conclusions and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 48 of the Complaint to the extent that they mischaracterize applicable law.

49. Defendants deny the allegations of paragraph 49 of the Complaint.

50.     Defendants state that the allegations in paragraph 50 purport to describe this action and therefore do not require a response.

51.     Defendants state that paragraph 51 states a legal conclusion and therefore no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 51 of the Complaint.

52.     Defendants state that paragraph 52 states a legal conclusion and therefore no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 52 of the Complaint.

53.     Defendants state that paragraph 53 state legal conclusions and therefore no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 53 of the Complaint.

54.     Defendants state that paragraph 54 state legal conclusions and therefore no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 54 of the Complaint.

55.     Defendants state that paragraph 55 state legal conclusions and therefore no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 55 of the Complaint.

56.     Defendants state that paragraph 56 state legal conclusions and therefore no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 56 of the Complaint.

57.     Defendants state that paragraph 57 state legal conclusions and therefore no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 57 of the Complaint.

58. Defendants state that paragraph 58 state legal conclusions and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 58 of the Complaint.

## COUNT I
### (Claim of Breach of Fiduciary Duty Against All Defendants)

59. Defendants incorporate by reference their responses to Paragraphs 1 through 58 of the Complaint.

60. Defendants deny the allegations of paragraph 60 of the Complaint.

61. Defendants deny the allegations of paragraph 61 of the Complaint.

62. Defendants deny the allegations of paragraph 62 of the Complaint.

63. Defendants deny the allegations of paragraph 63 of the Complaint.

64. The Director Defendants admit that they oversee the business and corporate affairs of Massey and are in possession of private corporate information concerning the Company's assets. Defendants deny the remaining allegations of paragraph 64 of the Complaint.

65. Defendants deny the allegations of paragraph 65 of the Complaint.

66. Defendants deny the allegations of paragraph 66 of the Complaint.

67. Defendants deny the allegations of paragraph 67 of the Complaint.

68. Defendants deny the allegations of paragraph 68 of the Complaint.

69. Defendants deny the allegations of paragraph 69 of the Complaint.

## COUNT II
### (Aiding and Abetting the Individual Defendants' Breaches of Fiduciary Duty Against Defendants Massey and Alpha)

70. Defendants incorporate by reference their responses to Paragraphs 1 through 69 of the Complaint.

71. Defendants state that the allegations of paragraph 71 of the Complaint purport to describe this action and therefore do not require a response.

72. Defendants deny the allegations of paragraph 72 of the Complaint.

73. Defendants deny the allegations of paragraph 73 of the Complaint.

74. Defendants deny the allegations of paragraph 74 of the Complaint.

75. Defendants deny the allegations of paragraph 75 of the Complaint.

76. Defendants deny the allegations of paragraph 76 of the Complaint.

77. Defendants deny the allegations of paragraph 77 of the Complaint.

78. Defendants deny the allegations of paragraph 78 of the Complaint.

79. Defendants deny any allegation not specifically admitted, including any allegations contained in any headings.

80. Defendants deny that they are liable for any of the relief requested in the WHEREFORE clause of the Complaint.

## **DEFENSES**

### **FIRST DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

### **SECOND DEFENSE**

This Court does not have personal jurisdiction over Defendants Inman, Foglesong, Gabrys, Holland, Moore and Welty.

### **THIRD DEFENSE**

Plaintiff's action should be stayed for the reasons set forth in Defendants' memorandum and reply memorandum in support of their Motion to Stay (Docket No. 3).

### **FOURTH DEFENSE**

Massey cannot aid and abet itself in breaching a fiduciary duty.

**FIFTH DEFENSE**

The terms of the Merger Agreement on which Plaintiff claims are based are standard in the industry.

**SIXTH DEFENSE**

Plaintiffs have suffered no damages proximately caused by Defendants' conduct.

WHEREFORE, Defendants pray that this Court enter judgment in their favor, and against Plaintiff, dismiss Plaintiffs' Complaint with prejudice, assess the costs of this action including attorneys' fees against Plaintiff, and grant Defendants such further relief as this Court deems just and appropriate.

        MASSEY ENERGY COMPANY, JAMES B. CRAWFORD, ROBERT H. FOGLESONG, RICHARD M. GABRYS, ROBERT B. HOLLAND, BOBBY R. INMAN, DAN R. MOORE, STANLEY SUBOLESKI, AND LINDA J. WELTY

        By: /s/ Timothy J. St. George
              Of Counsel

Alan D. Wingfield (VSB No. 27489)
Timothy J. St. George (VSB No. 77349)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23218-1122
Telephone: (804) 697-1254
Facsimile: (804) 698-6013
alan.wingfield@troutmansanders.com
tim.stgeorge@troutmansanders.com

Stuart W. Gold, Esq.
Julie A. North, Esq.
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
Worldwide Plaza
New York, NY 10019-7475

Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Attorneys for Defendants Massey Energy Company, James B. Crawford, Robert H. Foglesong, Richard M. Gabrys, Robert B. Holland, Bobby R. Inman, Dan R. Moore, Stanley C. Suboleski, and Linda J. Welty*

**BAXTER F. PHILLIPS**

By:   /s/ Steven E. Baril
                Of Counsel

Stephen E. Baril (VSB No. 19604)
SANDS ANDERSON PC
1111 E. Main Street, Suite 2300
Richmond, VA 23219-2906
Telephone: (804) 783-7234
Facsimile: (804) 783-7291
SBaril@SandsAnderson.com

*Attorneys for Defendant Baxter F. Phillips, Jr.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April 2011, I caused a true and correct copy of the foregoing to be filed on the Electronic Case Filing System, which will send a notice of electronic filing to:

    Shiva Sharifahmandian, Esq.
    Karen J. Marcus
    FINKLESTEIN THOMPSON LLP
    1050 30th Street, NW
    Washington, DC 20007

    Hamilton Lindley, Esq.
    GOLDFARB BRANHAM LLP
    2501 N. Harwood Street
    Suite 1801
    Dallas, TX 75201

    *Attorneys for Plaintiff*

    Robert M. Rolfe
    Erin L. Barrett
    HUNTON & WILLIAMS LLP
    Riverfront Plaza, East Tower
    951 East Byrd Street
    Richmond, Virginia 23219

    *Counsel for Alpha Natural Resources*

    /s/ Timothy J. St. George
    Timothy J. St. George (VSB No. 77349)
    TROUTMAN SANDERS LLP
    1001 Haxall Point
    P.O. Box 1122
    Richmond, VA 23218-1122
    Telephone: (804) 697-1254
    Facsimile: (804) 698-6013
    tim.stgeorge@troutmansanders.com